IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PRASAD SHRMANJADUN BHIM,

      Petitioner,

      v.

JEFFERSON B. SESSIONS, III, Attorney
General of the United States of America,
United States Department of Justice, et al.,

      Respondents.

Case No. 2:17-cv-765
Judge Michael H. Watson
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Petitioner, a citizen of Nepal, filed this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking immediate release from the custody of Immigration and Customs Enforcement ("ICE"). Petitioner asserts that he is being illegally detained under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Petitioner was, at the time he filed this action, incarcerated at the Morrow County Correctional Facility pursuant to a September 2016 order of removal. However, the record now reflects that, on October 23, 2017, ICE removed Petitioner from the United States to Nepal. See Declaration of Amanda Glassburn (ECF No. 12-1, PAGEID # 69); Warrant of Removal/Deportation (ECF No. 12-2, PAGEID # 71-72.) Therefore, the Petitioner is no longer in the custody of ICE or in the United States.

It is well established that federal courts may only adjudicate live cases or controversies. *Hall v. Beals*, 396 U.S. 45, 48, 90 S.Ct. 200, 24 L.Ed.2d 214 (1969). Consequently, federal courts lack jurisdiction to consider a case when it has "'lost its character as a present, live controversy' and thereby becomes moot." *Demis v. Sniezek*, 558 F.3d 508 (6th Cir. 2009) (quoting *Hall*, 396 U.S. at 48). "Simply stated, a case is moot when the issues presented are no

longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id*. (quoting *Int'l Union v. Dana Corp.,* 697 F.2d 718, 720–21 (6th Cir. 1983)).

"Several courts have determined that where an alien is released from ICE custody pending removal from the United States, 'his petition for relief under *Zavydas* is moot.'" *Labor v. Ice, Immigration*, No. 2:14-cv-200, 2014 WL 3456946, at *1 (S.D. Ohio July 10, 2014) (quoting *Patel v. Streiff*, 2008 WL 748396, *2 (S.D. Ala. Mar.18, 2008) (internal quotation omitted) (dismissing habeas corpus petition as moot upon the petitioner's removal from the United States); *see also Wu Wei Tong v. Attorney General*, No. 2:17-cv-1007, 2017 WL 6497065 (S.D. Ohio Dec. 19, 2017) (same) (citations omitted).

Therefore, it is **RECOMMENDED** that Respondent's Motion to Dismiss and Supplemental Motion to Dismiss (ECF Nos. 9, 12) be **GRANTED** and that this action be **DISMISSED**, as moot.

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report*

*and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ *Chelsey M. Vascura*___
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE